*1248 Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle in which she was a passenger was struck by a vehicle owned by defendant Kathleen M. Siglin and operated by defendant Robin Doubrava. We conclude that Supreme Court properly granted defendants’ motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Defendants met their initial burden of establishing that plaintiff did not sustain a serious injury under any of the categories alleged, i.e., the permanent consequential limitation of use, significant limitation of use and 90/180-day categories, and plaintiff failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
In support of their motion, defendants submitted the affirmed report of a neurologist who examined plaintiff and her medical records at the request of defendants. Defendants’ expert concluded that the only objective medical findings with respect to any alleged injury related to a preexisting degenerative condition of the spine. “[W]ith persuasive evidence that plaintiffs alleged pain and injuries were related to a preexisting condition, plaintiff had the burden to come forward with evidence addressing defendants’] claimed lack of causation” and, here, plaintiff failed to meet that burden (Carrasco v Mendez, 4 NY3d 566, 580 [2005]; see Briody v Melecio, 91 AD3d 1328, 1329 [2012]). Although plaintiff submitted the reports of three examining physicians, none of those physicians concluded that plaintiff s herniated discs or disc protrusions at C5-6 and/or C6-7 were caused by the accident. Indeed, the report of an examining neurologist submitted by plaintiff concluded that she had “pre-existing degenerative disc disease of the cervical spine (as evidenced on cervical spine MRI of 10/28/08 performed only three weeks after the motor vehicle accident).” Contrary to plaintiffs contention, there is nothing speculative or otherwise inappropriate relating to the interpretation and use of the MRI reports by defendants’ expert in formulating his opinions (see Carrasco, 4 NY3d at 578-579). Present — Fahey, J.E, Peradotto, Carni and Sconiers, JJ.